# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GREGORY ANTONIO HARTFIELD,** | § | |
| **#50904-509,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:24-cv-1802-N** |
| | § | **(CRIMINAL NO. 3:21-cr-241-N-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Gregory Antonio Hartfield's ("Movant's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion"). Doc. 1. The Government filed a response in opposition and Movant filed a reply. Doc. 11; Doc. 12. Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

## I.    BACKGROUND

In 2022, Movant pled guilty without a plea agreement to two counts of possession with intent to distribute controlled substances, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C), and two counts of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Crim. Doc. 24.[1] The Court sentenced Movant to an aggregate sentence of 121 months' imprisonment—1 month for each drug crime to run concurrently, and consecutive 60 months for each of the firearm offenses. Crim. Doc. 41. The United States Court of Appeals for the Fifth Circuit dismissed Movant's direct appeal on April 6, 2023, as it presented no nonfrivolous issue for appellate review. Crim. Doc. 51.

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Hartfield*, 3:21-cr-241-N-1. And all "Doc." citations refer to this § 2255 case.

On July 15, 2024, Movant filed this § 2255 motion alleging two grounds of ineffective assistance of counsel during the plea proceedings. Doc. 1 at 8; Doc. 2. The Government contends the motion is time barred because Movant allegedly signed it on July 3, 2024, but it was not postmarked until July 10, 2024, five days after the one-year limitations period elapsed. Doc. 11 at 10-12. The Government argues, in the alternative, that Movant's claims of ineffective assistance of counsel have no merit. Doc. 11 at 12-19. With his reply, Movant submits an affidavit certifying that he placed the § 2255 motion in the prison mailbox on July 3, 2024 (the day he signed it), thus rendering his § 2255 motion timely. Doc. 12.

Upon review, the court concludes that Movant's claims of ineffective assistance of counsel fail on the merits. The § 2255 motion should therefore be denied.

## II.    LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong under *Strickland*, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

## III.    ANALYSIS

### A.  Failure to Move to Dismiss the § 924(c)(1)(A) Counts

Movant asserts that his trial counsel was ineffective in failing to move to dismiss the § 924(c)(1)(A) firearm counts based on Second Amendment jurisprudence. Doc. 1 at 8; Doc. 2 at 5-6. He argues that he has a constitutional right to possess firearms under the Second Amendment and that courts nationwide have dismissed indictments for possession of a firearm by a felon, under 18 U.S.C. § 922(g)(1), as unconstitutional. Doc. 2 at 6. Movant argues the same reasoning applies to his § 924(c)(1)(A) firearm offenses. Doc. 2 at 6-7. He is wrong.

The United States Court of Appeals for the Fifth Circuit has rejected Second Amendment challenges to § 922(g)(1) following the Supreme Court decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Diaz*, 116 F. 4th 458 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (June 23, 2025). Thus, constitutional challenges to § 922(g)(1) are now foreclosed by *Diaz*. *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025).

Page **3** of **7**

While the Fifth Circuit has not addressed the constitutionality of § 924(c)(1)(A) post *Bruen/Rahimi*, the Sixth Circuit has found it constitutional under the Second Amendment. *See United States v. Underwood*, 129 F.4th 912, 930 (6th Cir. 2025) ("There is no reason to suppose . . . that regulating the use of firearms as associated with the criminal drug trade offends the Second Amendment."). Courts within the Fifth Circuit have likewise upheld the constitutionality of the § 924(c)(1)(A) statute. *See United States v. Reyes*, 677 F. Supp. 3d 585 (E.D. Tex. 2023) (finding § 924(c)(1)(A) is constitutional under the Second Amendment); *United States v. Martinez*, No. 6:23-CR-114-JDK, 2025 WL 1101517, at *4-6 (E.D. Tex. Apr. 14, 2025) (rejecting as applied challenge to § 924(c)(1)(A)); *United States v. Harbin*, No. SA-24-CR-00305-JKP, 2025 WL 97646, at *3-5 (W.D. Tex. Jan. 9, 2025) (refusing facial challenge to § 924(c)(1)(A)).

Those courts determined that individuals who use or possess a firearm in relation to or in furtherance of any crime of violence or drug trafficking crime, are "not bearing arms *for a lawful purpose*, and that their conduct "is, therefore, not the type of conduct encompassed within the Second Amendment." *Underwood*, 129 F.4th at 929 (emphasis in original). Rather, such persons are "specifically bearing arms to promote unlawful ends." *Id.*

Contrary to Movant's assertions here, the Second Amendment right to defend oneself and one's home does *not* conflict with § 924(c)(1)(A). Section 924(c)(1)(A) expressly prohibits the use of a firearm during the commission of a drug trafficking crime—an objectively unlawful purpose. *Underwood*, 129 F.4th at 930. Indeed, there is no established historical right to use, let alone discharge a firearm to engage in drug trafficking. *Id.*

Because no precedent would have supported a motion to dismiss based on an argument that the § 924(c) offenses violated the Second Amendment, there is no reason to believe that a motion to dismiss indictment on this basis would have succeeded.  Movant's trial counsel was not ineffective for not pursuing such a meritless motion.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").  Movant's first ineffective-assistance claim therefore fails.

### B.  Failure to Adequately Advise Movant About the Plea Offer

Movant asserts that his trial counsel failed to "investigate the law, facts and circumstances of the case" and adequately consult with Movant about the Government's plea offer.  Doc. 1 at 8; Doc. 2 at 2.  Movant contends that he did not use the firearm "in furtherance of a drug trafficking crime" but that he carried it "for protection because he had been rob[bed] before."  Doc. 2 at 2-3, 5-6.  Movant adds that he neither "us[ed] his firearm to protect the drugs" nor "committed a drug trafficking crime by use of a deadly or dangerous weapon[.]"  Doc. 2 at 3.  The record belies his assertions, however.

Under 18 U.S.C. § 924(c)(1)(A), the government must prove that a defendant used or carried a firearm during and in relation to a drug-trafficking crime or possessed a firearm in furtherance of a drug-trafficking crime.  In a § 924(c)(1)(A) prosecution, a defendant possesses a firearm "'in furtherance' of the drug trafficking offense when it furthers, advances, or helps forward that offense."  *United States v. Ceballos–Torres*, 218 F.3d 409, 411 (5th Cir. 2000).  The mere presence of a firearm, without more, is not enough.  *Id.* at 414.  The Fifth Circuit considers several factors in making this determination, including (1) the type of drug activity, (2) the type

Page **5** of **7**

of firearm, (3) the accessibility of the firearm, (4) the proximity of the firearm to drugs or drug profits, (5) whether the firearm was loaded, (6) whether the firearm was stolen, (7) whether the firearm was possessed legally or illegally, and (8) the time and circumstances under which the firearm was found. *Id.* at 414–15; *see also United States v. Walker*, 828 F.3d 352, 353-56 (5th Cir. 2016) (collecting cases).

The facts stipulated in the Factual Resume establish that Movant's possession of a firearm, while engaging in hand-to-hand drug transactions, was in furtherance of a drug trafficking crime. Crim. Doc. 20 at 5-6. The Presentence Report (PSR) recapped the February and the March 2021 drug transactions and found that firearms were visible during both incidents—(1) the pistols were in Movant's hands or in his waistband, (2) when officers approached, Movant tossed the pistols under a car or in a trashcan, where they were later recovered, and (3) the pistols were loaded. Crim. Doc. 29-1 at 5-7, PSR ¶¶ 12-22. A search of Movant's person, after the February 2021 arrest, also revealed a digital scale, baggies containing various drugs, and a loaded pistol magazine. *Id.*, PSR ¶ 14. Similarly, following the March 2021 arrest, officers recovered from Movant a brown bag, which contained baggies of drugs. *Id.*, PSR ¶ 20.

Based on these facts, it was reasonable for defense counsel to recommend that Movant plead guilty to the § 924(c)(1)(A) counts. Movant thus fails to show deficient performance. So, his second ineffective-assistance claim has no merit.

## IV.    CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 29th day of July, 2025.

UNITED STATE DISTRICT JUDGE